ANDREW JOBBITT, as Overseer of the Poor, &c., *v.* CHESTER GILES, Respondent.

## TRUMAN M. BROWN, Appellant.

*Action in the name of the overseers of the poor—what does not authorize one to bring it—costs.*

Where a person brings an action, in the name of an overseer of the poor, to recover a penalty for a violation of the provisions of the excise law, without having first made complaint to the said overseer of the alleged violation, accompanied with reasonable proof thereof, the action is unauthorized, and such person is personally liable to the defendant for the costs thereof.

To authorize a private person to bring such an action, the complaint made to the overseer of the poor should be so definite, and should be accompanied with such proof, as to satisfy the overseer that a penalty has been incurred, or to enable him to investigate and decide whether or not there has been a violation of the statute.

APPEAL from an order made at a Special Term, charging the costs of this action against Truman M. Brown, by whom this action was brought in the name of the overseer of the poor.

Brown complained to Jobbitt, the overseer of the poor of the town of Montour, that the defendant had incurred penalties for violations of the excise law. The overseer neglecting for ten days. to prosecute, Brown brought the action pursuant to sections 22 and 30 of chapter 828 of Laws of 1857, as amended by chapter 820 of Laws of 1873.

The following is a copy of the complaint made by Brown to the overseer:

"STATE OF NEW YORK, } ss. :
  COUNTY OF SCHUYLER, }

  "Truman M. Brown, of the village of Havana, in the town of Montour, and county of Schuyler, and State of New York, being duly sworn, complains upon oath to the overseer of the poor of said town of Montour, county of Schuyler, and State aforesaid, and alleges and avers upon information and belief, and charges the fact to be true, that one Chester Giles, of the said town, county and State, has incurred the penalty or penalties mentioned and pre-

scribed in the 14th section of the act entitled: 'An act to suppress intemperance, and to regulate the sale of intoxicating liquors,' passed April 16, 1857, by selling for and during the months of January, February, March, April, May, and up to the 10th day of June, 1879, in said town, county and State aforesaid, to divers different persons, strong or spirituous liquors or wines, to wit: rum, gin, brandy, whiskey, wines, ale, lager beer and strong beer, to be drank in his house or shop, or in his out-house, yard or garden appertaining thereto, or has suffered or permitted such liquors or wines sold by him, or under his direction or authority, to be drank in his house or shop or in an out-house, yard or garden thereto belonging, without having obtained a license therefor, as an inn, tavern or hotel keeper, contrary to and in violation of the provision of the aforesaid act, passed April 16, 1857, and the acts supplementary thereto and amendatory thereof. ·

" That said Chester Giles keeps and maintains a saloon in said town, county and State, wherein he keeps strong or spirituous liquors or wines for sale, and that he sells the same, and for and during said months and year of 1879, aforesaid, has sold the same to be drank in his house or shop, or out-house, yard or garden appertaining thereto, without having a license to sell the same, as an inn, tavern or hotel keeper.

" That said Chester Giles has no license to sell strong or spirituous liquors or wines in any shape, way or form, or in any quantity whatever, to be drank in his house or shop, or out-house, yard or garden belonging to the same.

" I hereby ask and demand that you, as overseer of the poor of said town, county and State aforesaid, prosecute said Chester Giles, for the penalty or penalties prescribed by and in the 14th section of the said act aforesaid.

" TRUMAN M. BROWN.

" Subscribed and sworn to before me, }
    this 14th day of June, 1879. }

" M. T. BRODRICK,
" Justice of the Peace.

" To Andrew Jobbitt, as overseer of the poor of the town of Montour, in the county of Schuyler, and State of New York."

The overseer moved at Special Term for a dismissal of the action, upon the ground that the complaint to him was not accompanied by reasonable proof that the defendant had violated the act.

Brown resisted the motion, but it was granted, with costs of the motion against him. But costs of the action not being asked for against him in the notice of motion, the question of his liability for such costs was reserved.

In November, 1879, the order dismissing the action was affirmed at General Term. Upon motion at Special Term, it was ordered that the defendant recover costs of the action against Brown personally, upon the ground that he brought the action without authority or legal right. From this order Brown appeals.

*L. M. Conklin*, for the appellant.

*S. C. Keeler*, for the respondent.

FOLLETT, J.:

When a person prosecutes in the name of an overseer of the poor, without having complied with the statute, the action is unauthorized, the act unlawful, and the person instituting the action is chargeable with the costs thereof.

It has long been the law that persons carrying on actions in the name of another without authority, are chargeable with the costs. (*Butterworth* v. *Stagg*, 2 Johns. Cases, 291.) Persons not parties to the record are frequently charged with costs. The statute under which this action was brought, authorizes " any other person to prosecute," to become the prosecutor in the name of the overseer. Brown became the prosecutor without authority, and is liable for the costs.

The question of the absolute liability of a person for costs, who, after complying with the statute, rightfully brings an action, but is defeated, is not in this case.

The order appealed from should be affirmed with $10 costs, and the disbursements for printing.

LEARNED, P. J., and BOCKES, J., concurred.

Order affirmed, with $10 costs, and disbursements.

At the same term a motion was made for a re-argument of the case. The decision of the General Term, affirming the order dismissing the complaint in this action, was made in November, 1879. Upon the re-argument the following opinion was delivered.

PER CURIAM:

We have examined the papers in this case, and the printed arguments for and against a re-argument; and we see no reason to grant the motion. By chapter 628, Laws of 1857, section 30, the right to prosecute for penalties is given to any person in case the overseers, &c., shall neglect, for ten days after complaint that a provision of the act has been violated, "accompanied with reasonable proof of the same." In this case there was no reasonable proof, we might say that there was no proof presented to the overseer that Giles had violated the act. The complaint presented was on information and belief; its allegations were of the most general kind, stating that Giles had sold liquors during five months to divers persons, not even identifying the kind of liquor, or where it had been drunk. Such a complaint can impose no obligation on the overseer to prosecute. The plain meaning is that the complaint shall be so definite, and shall be accompanied with such proof as reasonably to satisfy the overseer, or if he is not satisfied, to enable him to investigate and decide whether or not there had been a violation of the statute.

The motion for re-argument is denied with $10 costs against Brown.

Present—LEARNED, P. J., and BOCKES, J.; FOLLETT, J., not acting.

Motion for re-argument denied, with $10 costs, and disbursements.